**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZYJUAN JOHNSON, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 3:23-cv-03366-GC-RLS |
| HOME365 | |
| Defendant. | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**
**WITH AFFIRMATIVE DEFENSES**

Defendant Home365, LLC by and through counsel, hereby responds to the Complaint filed by Plaintiff Zyjuan Johnson ("Plaintiff") and states as follows:

### I. INTRODUCTION

1. Paragraph 1 of the Complaint sets forth conclusions of law for which no answer is required. To the extent the allegations of paragraph 1 are factual, they are denied.

### II. PARTIES

2. Defendant incorporates its response to paragraph 1 of the Complaint as though fully set forth herein.

3. Defendant is without knowledge sufficient to admit or deny the allegations set forth in Paragraph 3 of the Complaint.

4. Admitted in part, denied in part. Admitted that Defendant is corporation that does business in the State of New Jersey. Denied to the extent that Paragraph 4 suggests that Defendant is "at home" in New Jersey, as it is a Delaware company headquartered in Lancaster, PA.

5.  Paragraph 5 of the Complaint sets forth conclusions of law for which no answer is required. To the extent the allegations of paragraph 5 are factual, they are denied.

### III.   MATERIAL FACTS

6.  Defendant incorporates its responses to paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7.  Defendant is without knowledge sufficient to admit or deny the allegations set forth in Paragraph 7 of the Complaint. By way of further response, "SlateHouse Group Property Management" is a separate entity that Defendant Home365 acquired in or around June 2021, and so Defendant had no part in Plaintiff's initial hire.

8.  Defendant is without knowledge sufficient to admit or deny the allegations set forth in Paragraph 8 of the Complaint.

9.  Defendant is without knowledge sufficient to admit or deny the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant is without knowledge sufficient to admit or deny the allegations set forth in Paragraph 10 of the Complaint.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied as stated. Ms. Royer's email to Plaintiff speaks for itself, the remainder of the allegations set forth in Paragraph 17 of the Complaint are denied.

18. Denied.

19. Denied.

## COUNT I
### Violation of the New Jersey Law Against Discrimination (NJLAD)
### (Disability Discrimination)

20. Defendant incorporates its responses to paragraphs 1 through 19 of the Complaint as though fully set forth herein.

21. Paragraph 21 of the Complaint sets forth conclusions of law for which no answer is required. To the extent the allegations of paragraph 21 are factual, they are denied.

22. Denied.

23. Paragraph 23 of the Complaint sets forth conclusions of law for which no answer is required. To the extent the allegations of paragraph 23 are factual, they are denied.

24. Paragraph 24 of the Complaint sets forth conclusions of law for which no answer is required. To the extent the allegations of paragraph 24 are factual, they are denied.

25. Paragraph 25 of the Complaint sets forth conclusions of law for which no answer is required. To the extent the allegations of paragraph 25 are factual, they are denied.

26. Paragraph 26 of the Complaint sets forth conclusions of law for which no answer is required. To the extent the allegations of paragraph 26 are factual, they are denied.

27. Denied.

## COUNT II
### Violations of the New Jersey Law Against Discrimination (NJLAD)
### (Retaliation)

28. Defendant incorporates its responses to paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29. Denied.

30. Paragraph 30 of the Complaint sets forth conclusions of law for which no answer is required. To the extent the allegations of paragraph 30 are factual, they are denied.

31. Denied.

32. Denied.

33. Denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Home365 prays for judgment as follows:

A. That this action be dismissed in its entirety, with prejudice;

B. That judgment be entered in favor of Defendant and against Plaintiff;

C. That Defendant be awarded its costs of suit and attorneys' fees incurred herein; and

D. For such and other further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant further alleges the following separate and affirmative defense to each and every cause of action alleged in the Complaint. By alleging the defenses set forth below, Defendant does not thereby agree or admit that is has the burden of proof, persuasion, or production with respect to any elements of any defense, or that Plaintiff has properly asserted any case of action against Defendant.

## FIRST AFFIRMATIVE DEFENSE

### (No Cause of Action)

Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action because Plaintiff was never an "employee" of Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Managerial Discretion)

Defendant alleges that any and all decisions made and actions taken by and/or on behalf of Defendant were made and taken in the exercise of proper managerial discretion and in good faith.

## THIRD AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

To the extent that Plaintiff is successful in establishing that he was an "employee," Defendant alleges that all of its acts affecting the terms and/or conditions of Plaintiff's so-called employment were motivated by legitimate, non-retaliatory, and non-discriminatory reasons. Such acts were proper, fair, legitimate business activities, and/or due to business-related reasons which were not arbitrary, capricious, or unlawful.

## FOURTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Defendant alleges that Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits Plaintiff's alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

### (No Damages)

Defendant alleges that Plaintiff is not entitled to any relief on any of his causes of action because he has not suffered any damage as a result of any actions taken by Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendant alleges that any damages otherwise recoverable by Plaintiff are barred and/or limited by Plaintiff's failure to exercise reasonable diligence in attempting to mitigate his alleged

damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant alleges that Plaintiff is barred by the doctrine of unclean hands from maintaining this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendant alleges that Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel/Laches)

Defendant alleges that Plaintiff is estopped from obtaining the relief sought, or pursuing any of the claims raised or causes of action contained in his Complaint, under the doctrines of waiver, estoppel, and laches, by virtue of his acts, failures to act, conduct, representations, admissions, and the like.

## TENTH AFFIRMATIVE DEFENSE

### (At-Will Employee)

To the extent that Plaintiff is successful in establishing that he was an "employee," Defendant alleges that, at all relevant times, Plaintiff was an at-will employee, subject to termination, with or without cause, and with or without notice.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks subject matter jurisdiction.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

Defendants deny that any of their actions were intentional, willful, wanton, or reckless.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Defendant gives notice that it intends to rely upon any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend its Answer to assert such additional defenses as discovery proceeds.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI LLP**

BY: s/ Alexander Nemiroff
Alexander Nemiroff
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, Pennsylvania 19103
T: +267.602.2040
F: +215.693.6650
anemiroff@grsm.com

*Attorneys for Defendant*

Date:  June 26, 2023

## CERTIFICATE OF SERVICE

I, Alexander Nemiroff, hereby certify that on June 26, 2023, I electronically filed the foregoing with the Clerk of United States District Court for the District of New Jersey using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                        BY: *s/ Alexander Nemiroff*
                                                Alexander Nemiroff